77 F.3d 484
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Myrtle PALMER, Plaintiff-Appellant,
v.
LINCOLN NATIONAL CORPORATION, and its subsidiaries, American
States Insurance Company and Insurance Company of
Illinois, Defendants-Appellees.
 No. 95-2258.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 6, 1995.
Decided Feb. 21, 1996.
 
 Before LAY,* CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Myrtle Palmer filed this lawsuit on May 31, 1994, alleging age discrimination by her employer, American States Insurance Company, its parent company, Lincoln National Corporation, and the Insurance Company of Illinois (another Lincoln National subsidiary purchased by American States in 1991), for whom Palmer worked from 1969 until April 1993. Palmer claimed she was constructively terminated when American States decided to eliminate her position as a systems specialist. American States offered Palmer an underwriter position in its personal insurance department, but she refused this position because it paid $20,000 per year less than Palmer made as a systems specialist. The district court granted American States' motion for summary judgment on the ground that the plaintiff had failed to show "lack of work" was a pretextual reason. This appeal followed.
 
 Summary Judgment
 
 2
 American States moved for summary judgment. Its evidence included Myrtle Palmer's admission contained in her deposition that she told her supervisor "[w]here I was sitting I did not have enough work to do." Palmer argues that American States was trying to fire her before she became eligible for early retirement benefits. As the record shows, it is undisputed that she would have preserved her right to early retirement benefits at age 55 if she had accepted the underwriter position. Palmer also asserts that her previous job duties were assigned to a younger employee who received a pay raise. Palmer does not point us to any evidence in the record to support the allegation that the person assuming her duties received a pay raise. Our review of the overall record supports the district court's ruling that there is no evidence to dispute American States' reason for elimination of Palmer's job. We affirm the grant of summary judgment.
 
 Denial of Motion to Amend
 
 3
 Palmer also appeals the district court's denial of her motion to amend her complaint to state a breach of contract claim based on an employee handbook. During discovery, Palmer received excerpts from American States' employee handbook. Her motion to amend, filed almost five months after her original complaint, was placed on the district court calendar on the day before the close of discovery.
 
 
 4
 The district court stated three reasons for denying Palmer's motion to amend: untimeliness of amendment, that her claims were unrelated to her age discrimination case, and unlikelihood of success on the merits. Upon review we find no abuse of discretion in the district court's decision.
 
 
 5
 Judgment AFFIRMED.
 
 
 
 *
 The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation